UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CASSANDRA MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00275 |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cassandra McGuire filed a pro se Amended Complaint ("Complaint") against the State of Tennessee, Judge Alan Kern, and Lauren Kisner under 42 U.S.C. § 1983 and state law. (Doc. No. 13). Before proceeding, however, the Court must address whether it has jurisdiction over the Complaint. "Federal courts are courts of limited jurisdiction." Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The Court has original subject-matter jurisdiction over cases that arise under federal law, known as federal-question jurisdiction, or cases between citizens of different states in which the amount in controversy exceeds $75,000, known as diversity-of-citizenship jurisdiction. Id. at 1746 (citing 28 U.S.C. §§ 1331, 1332(a)). The Court must dismiss without prejudice any case in which the plaintiff fails to establish subject-matter jurisdiction. Kokkonen, 511 U.S. at 377; Ernst v. Rising, 427 F.3d 351, 366 (6th Cir. 2005); Fed. R. Civ. P. 12(h)(3).

However, "[u]nder the domestic relations exception, federal courts are precluded from exercising jurisdiction over cases whose substance is primarily domestic relations." Chambers v. Michigan, 473 F. App'x 477, 478 (6th Cir. 2012) (citing Barber v. Barber, 62 U.S. (21 How.) 582, 584 (1858)); see also Firestone v. Cleveland Tr. Co., 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even

when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."); Chambers, 4734 F. App'x at 479 (explaining that a suit to "determine the amount of alimony owed" was subject to the exception despite being "couched as a constitutional violation"). Specifically, the exception applies when "a plaintiff positively sues in federal court . . . to modify or interpret an existing divorce, alimony, or child-custody decree." Alexander v. Rosen, 804 F.3d 1203, 1205 (6th Cir. 2015) (quoting Chevalier v. Estate of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015)); Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992)). The enforcement of child support "falls squarely under the domestic relations exception." Lawrence v. Maryland, No. 3:18-CV-00304, 2019 WL 4723073, at *10 (E.D. Tenn. Sept. 26, 2019) (citing Chevalier, 803 F.3d at 794-95); see also Christian v. Reynolds-Christian, No. 3:19-CV-00133, 2019 WL 2724063, at *3 (M.D. Tenn. June 28, 2019), report and recommendation adopted, No. 3:19-cv-00133, 2019 WL 3208019 (M.D. Tenn. July 16, 2019) (concluding that the plaintiff's request for readjudication of child support payments fell "squarely within the domestic relations exception"); Steele v. Steele, No. 3:10-CV-40-KSF, 2011 WL 2413400, at *3-4 (E.D. Ky. June 10, 2011) (explaining that claims concerning "matters of child support, custody and/or maintenance" are subject to the domestic relations exception); Surface v. Dobbins, No. 3-87-01479, 1993 WL 1318609, at *2-3 (S.D. Ohio Sept. 23, 1993) (explaining that "[t]he viability and propriety of [a] child support order" is subject to the domestic relations exception).[1]

---

[1] Conversely, claims that do not require application of state domestic relations law are not subject to the domestic relations exception. See Farmer v. Upchurch, No. 1:21-cv-153-TAV-SKL, 2021 WL 5622104, at *5 (E.D. Tenn. Nov. 20, 2021) (explaining that the domestic relations exception would not apply to a federal conspiracy claim that "does not . . . question the state's calculation of child custody payments or otherwise address the merits of the underlying dispute") (citing Alexander, 804 F.3d at 1205-06).

The ultimate inquiry in determining the applicability of the domestic relations exception focuses on the remedy sought by the plaintiff. Chevalier, 803 F.3d at 797. The instant Complaint arises from a decade-long child support dispute. (See Doc. No. 12). Therein, McGuire alleges that she has become "consumed with child support allegations"; been subjected to invalid child support orders; been made to pay improper child support; been "taken to court numerous times" based on these child support disputes; and been found in contempt for "willfully refusing" to pay child support. Id. As relevant here, the Complaint seeks to "set aside" an existing child support order; end McGuire's child support obligations; and provide for recalculation of child support in the underlying state-court matter. Id. At bottom, therefore, McGuire brings a domestic relations action to set aside, modify, or interpret an existing state-law child support order. The domestic relations exception is "designed to prevent" the Court from becoming "entangl[ed]" in precisely "such difficult questions of state family law." Alexander, 804 F.3d at 1206. Because the exception applies, McGuire's request for relief is "outside the jurisdiction of the federal courts."[2] Chevalier, 803 F.3d at 797 (citing Catz v . Chalker, 142 F.3d 279, 292).

Accordingly, pursuant to the domestic relations exception, the Complaint is **DISMISSED WITHOUT PREJUDICE**. This form of dismissal allows McGuire to file a new case regarding

---

[2] Because the domestic relations exception applies in this case, the Court does not consider whether McGuire's claims related to the outcome of state child support proceedings are also subject to dismissal under the Rooker-Feldman doctrine. See VanderKodde v. Mary Jane M. Elliott, P.C., 951 F.3d 397, 402 (6th Cir. 2020) (explaining that Rooker-Feldman precludes federal court consideration of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)).

these or other matters, subject to all applicable rules and time limitations.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE