UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CASSANDRA MCGUIRE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:22-cv-00275 |
| STATE OF TENNESSEE, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Cassandra McGuire filed a pro se Amended Complaint ("Complaint") against the State of Tennessee, Judge Alan Kern, and Lauren Kisner under 42 U.S.C. § 1983 and state law. (Doc. No. 13). On July 14, 2022, the Court dismissed the Complaint after concluding that the "domestic relations exception" precluded the exercise of subject-matter jurisdiction. (Doc. No. 15). On July 19, 2022, Plaintiff filed a Motion for Reconsideration (Doc. No. 16) and a Notice of Appeal (Doc. No. 17). The Motion is now before the Court for decision. See Fed. R. App. P. 4(a)(4).

There is no federal procedural rule permitting a motion for reconsideration. However, the Court may liberally construe Plaintiff's filing as a motion under Federal Rule of Civil Procedure 59(e). Grimes v. Warden, 3:16-cv-2061, 2016 WL 7336501, at *1 (M.D. Tenn. Dec. 19, 2016); Simpson v. U.S. Bank Nat. Ass'n, No. 3:13-cv-00325, 2013 WL 3224341, at *2 (M.D. Tenn. June 25, 2013). A motion to alter or reconsider a judgment under Rule 59(e) "is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." United States v. Allen, No. 14-20191, 2020 WL 4592901, at *1 (E.D. Mich. Aug. 11, 2020) (citation omitted). Thus, a Rule 59(e) motion may only be granted if there is a clear

error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff appears to contend that the Court made an error of law in dismissing the Complaint under the domestic relations exception. Plaintiff argues that "this is not a domestic relations case," she does not "need anyone to hear the domestic side of this case"; and that she merely brings Constitutional claims. (Doc. No. 16 at 2). The Complaint, however, seeks an "immediate injunction" to "set aside" a child support order (or orders) and to provide for reconsideration in state court. (See Doc. No. 13 at 25-26). As the Court has explained, the enforcement of child support "falls squarely under the domestic relations exception." Lawrence v. Maryland, No. 3:18-CV-00304, 2019 WL 4723073, at *10 (E.D. Tenn. Sept. 26, 2019) (citing Chevalier v. Estate of Barnhart, 803 F.3d 789, 794-5 (6th Cir. 2015)); Christian v. Reynolds-Christian, No. 3:19-CV-00133, 2019 WL 2724063, at *3 (M.D. Tenn. June 28, 2019), report and recommendation adopted, No. 3:19-cv-00133, 2019 WL 3208019 (M.D. Tenn. July 16, 2019) (concluding that the plaintiff's request for readjudication of child support payments fell "squarely within the domestic relations exception"); see also Firestone v. Cleveland Tr. Co., 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). McGuire disclaims neither the Complaint nor the remedies sought therein.

Because McGuire has not demonstrated that the Court made an error of law, she is not entitled to relief from judgment. Plaintiff's Rule 59(e) Motion is therefore **DENIED**. That being said, the Motion could be read to suggest that McGuire wishes to pursue claims based solely upon Constitutional due process violations rather than on the propriety of child support orders. (See Doc. No. 16 at 4-5 ("I am asking the court to ignore the actions the judge took . . . so they can see

2

Case 3:22-cv-00275   Document 20   Filed 07/22/22   Page 2 of 3 PageID #: 195

the actual claims to be heard which is in violation of Section 1983.")). To the extent that McGuire seeks permission to amend the Complaint at this stage, the Court is divested of jurisdiction over such a request by the filing of a Notice of Appeal. In any event, McGuire is reminded that the Complaint was dismissed without prejudice. This form of dismissal means that McGuire may file a new Complaint concerning these or other matters, subject to all applicable rules and time limits.

The Clerk SHALL forward a copy of this Order to the U.S. Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE